**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ST. THERESA SPECIALTY HOSPITAL, LLC** | ***** | **CIVIL ACTION** |
| | ***** | |
| **VS.** | ***** | **NO.:** |
| | ***** | |
| **INDIAN HARBOR INSURANCE, QBE SPECIALTY INSURANCE COMPANY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, OLD REPUBLIC INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AMRISC, LLC, AND CJW & ASSOCIATES** | ***** | **JUDGE** <br><br> **MAG. JUDGE** |

**TO:** Jacqueline C. Barber
701 Loyola Avenue, Suite 404
New Orleans, Louisiana 70113

**NOTICE OF REMOVAL**

Come Defendants, Certain Underwriters at Lloyd's, London Subscribing to Certificate No. AMR-36866-03 ("Underwriters") (incorrectly named as Certain Underwriters at Lloyd's, London), and International Insurance Company of Hannover SE ("Hannover") (collectively hereinafter "Removing Defendants"), and without waiving any affirmative defenses or objections herein, and specifically reserving all defenses available to Removing Defendants, and all defendants, including but not limited to all defenses under Federal Rules of Civil Procedure Rules 8 and 12, and further reserving the right to seek a stay or dismiss of this matter and compel arbitration pursuant to the arbitration clause contained in the subject insurance policy, which

requires all matters in difference between the parties to be submitted to arbitration, hereby remove this cause bearing Civil Action No. 791-367, ("State Court Action"), from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and with respect represent:

**I.**

**GROUNDS FOR REMOVAL**

Removing Defendants remove this matter under federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that there is a valid arbitration clause in the insurance contracts made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Accordingly, this Court has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205.

**II.**

**THE STATE COURT ACTION**

The Petition for Damages that has been brought against the Removing Defendants, and other defendant insurers, is attached as Exhibit "A." The Petition of St. Theresa Specialty Hospital, LLC ("Plaintiff"), alleges that Plaintiff owned and occupied a commercial building located at 3601 Loyola Drive, Kenner, Louisiana. (Exhibit A, para. 2). Plaintiff has alleged that it had in effect insurance coverage with the ten insurers collectively (Exhibit A, para. 3). Plaintiff includes Cramer, Johnson, and Wiggins & Associates, Inc. ("CJW") (identified in the Petition for Damages as "CJW & Associates") as an insurer, despite the fact that CJW is only a claims administrator, appointed by the insurers. Plaintiff alleges that on January 18, 2018, the temperature in Kenner fell below freezing and caused damage to Plaintiff's property. (Exhibit A, paras. 5 & 6). Plaintiff alleges that it reported its claim to the insurers, and the claim was

inspected by CJW, which inspected the loss and denied the claim on behalf of all insurers, foreign and domestic. (Exhibit A, para. 7). Plaintiff alleges that this denial of coverage constitutes a breach of the insurers' collective duty of good faith and fair dealing. (Exhibit A, para. 8) As a result of this action by all insurers, Plaintiff seeks compensation from all insurers for its property damage and cost of repair, as well as "arbitrary and capricious penalties and attorney's fees". (Exhibit A, para. 9)

**III.**

**THE POLICY**

The insurance contracts issued by the Removing Defendants and other defendant insurers comprise the subject insurance policy (hereinafter referred to as "The Policy"), and The Policy provides that all "matters in difference between the Insured and the Companies in relation to this insurance" shall be resolved through submission to an Arbitration Tribunal:

**SECTION VII – CONDITIONS**

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.
>
> All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential or other damages of a similar nature.
>
> The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

The portion of The Policy containing the arbitration agreement is attached as Exhibit “B”. A full copy of The Policy is attached as Exhibit “C”.

All insurers, including the Removing Defendants, have invoked their right to arbitrate all matters in dispute with the Plaintiff, by letter dated August 9, 2019.

**IV.**

The “matters of difference” between the Plaintiff and the Removing Defendants and other defendant insurers, include, but are not limited to, the cause and scope of the alleged property

damage, the application of multiple deductibles, and the timeliness of Plaintiff's reporting of the loss.

**V.**

**CITIZENSHIP OF THE REMOVING DEFENDANTS**

The Removing Defendants are principally citizens of countries other than the United States, including Hannover, which is registered under the laws of Germany and has its principal place of business in Hannover, Germany. The various Underwriters on The Policy are principally citizens of countries other than the United States, such as the United Kingdom of Great Britain. By way of example, Underwriters are partially comprised of the following:

> Syndicate 2987, which is an unincorporated association, the managing agent of which is Brit Syndicates Limited and sole corporate member which is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England.
>
> Syndicate 510 which is an unincorporated associate, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, with its principal place of business in London, England.
>
> Syndicate 2003 which is an unincorporated association, the managing agent of which is Catlin Underwriters Agencies Limited and the sole corporate member is Catlin Syndicate Limited, which is registered in England, with its principal place of business in London, England.

Other Underwriters are also citizens of countries other than the United States.

**VI.**

**REMOVAL IS PROPER**

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following*, 9 U.S.C. § 201 (West Supp. 1998). The United Kingdom of Great Britain and

Germany are signatories to the Convention. Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them…." The courts of each signatory country are also bound to enforce such agreements.

The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes. As the United States Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520, n. 15 (1974).

In 1970, Congress enacted legislation to enforce the Convention in United States Courts. *See* 9 U.S.C. §§ 201-208. The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts, both in state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). Chapter 2 of the FAA, 9 U.S.C. §§ 201-208 ("Convention Act"), which implements the Convention, controls arbitration disputes in the international context. In general, the Convention Act creates a strong presumption in favor of arbitration, especially in international commercial agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

The instant dispute arises under the terms and conditions of The Policy issued by Removing Defendants, including the arbitration agreement contained therein. The arbitration

agreement in The Policy falls under the Convention, and under 9 U.S.C. § 202 of the Convention Act, because it is included in a commercial contract between Plaintiff, a United States citizen, and corporate citizens of the United Kingdom of Great Britain and Germany. Therefore, the subject matter of the State Court Action "relates" to an arbitration agreement subject to the Convention, within the meaning of 9 U.S.C. § 205. *See La. Commerce & Trade Ass'n Self Insurers Fund v. Certain Underwriters at Lloyd's London,* 2014 U.S. Dist. LEXIS 96605, (E.D. La. 2014). The Fifth Circuit has recognized that disputes under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. *Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373, 380 (5th Cir. 2006). Accordingly, because the instant dispute falls under the Convention, the claim is subject to mandatory arbitration in the United States.

There is no question that the instant dispute arises under The Policy that contains an arbitration provision, and is a dispute between a citizen of the United States and citizens of countries other than the United States. The entirety of the dispute filed by Plaintiff against all defendants relates to The Policy and arbitration provision, and The Policy requires that arbitration be held in New York, and under New York law, due to the presence of numerous defendants who are citizens of countries other than the United States.

As a matter clearly falling under the Convention, and as a dispute relating to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for removal of the State Court Action:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

> The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the fact of the complaint but may be shown in the petition for removal.

This action is properly removed to this District Court as the district embracing Civil District Court for the Parish of Jefferson, where the State Court Action was pending.

**VII.**

**REMOVAL IS TIMELY**

This removal is timely, pursuant to 9 U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed.

**VIII.**

**CONGRESS GRANTED FEDERAL COURTS BROAD REMOVAL JURISDICTION IN CONVENTION CASES**

The purpose and intent behind the enactment of the Convention Act was to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449 (1974). As the Fifth Circuit has observed, uniformity is best served by trying all Convention cases in federal court and the general rules regarding removal jurisdiction do not apply to Convention Act removal:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise [citation omitted], Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal

> provisions, §205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special rights to channel cases into federal court.'

*Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373 (5th Cir. 2006), *quoting*, *McDermott Int'l, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1207-08 (5th Cir. 1991).

**IX.**

**THE REMOVED STATE COURT ACTION FALLS UNDER THE CONVENTION AND "RELATES" TO PLAINTIFF'S CLAIMS AGAINST ALL INSURER DEFENDANTS**

If at least one party to a commercial legal relationship is not a United States citizen, the arbitration agreement in the commercial legal relationship is deemed to "fall" under the Convention. *Mongaya v. AET MCV BETA, LLC*, 2018 WL 6067547, p. 4 (E.D. La. 2018). The subject insurance Policy provides coverage pursuant to the terms, conditions, definitions, exclusions, and endorsements of a single set of coverage documents common to all the insurers. There is only one common arbitration agreement (Exhibit B) to which all insurers on The Policy are bound. The fact that some insurers on The Policy are citizens of the United States does not impair removal: ". . . a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause 'falls under' the Convention." *Id.* If the arbitration agreement falls under the Convention, as is the case with the Removing Defendants' arbitration agreement, removal jurisdiction is proper.

The other test for removal jurisdiction is whether the state court litigation "relates to" an arbitration agreement falling under the Convention. The "relates to" requirement is an extremely low bar. If the Removing Defendants' arbitration agreement can conceivably affect the outcome of Plaintiff's case, then the arbitration agreement "relates to" Plaintiff's suit, and removal is proper. The arbitration agreement in The Policy at issue herein clearly can affect the outcome of

the State Court Action since it is a dispute against all insurers on coverage and policy proceeds. Those disputes are to be resolved through arbitration. Therefore, the arbitration agreement has a direct effect on this litigation. Of note, the federal question jurisdiction conferred under 9 U.S.C. §205 is unlike most other forms of federal question jurisdiction, because it permits removal on the basis of a federal defense. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

**X.**

**CONVENTION REMOVAL AUTHORIZES REMOVAL OF THE ENTIRE "ACTION" AND NOT JUST CLAIMS**

The Fifth Circuit has instructed that when defining the scope of jurisdictional statutes, "heavy emphasis shall be placed on the language of the particular statute in question." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990). Examining the language of the Convention Act, 9 U.S.C §203 first provides for original subject matter jurisdiction over "***an action or proceeding***" falling under the Convention (emphasis added). Section 205 then provides for removal of the "***action or proceeding***" (emphasis added). The use of the terms "action or proceeding" in both statutes significantly expands the scope of removal. Removal of the entire case ("action") is permitted, and not just as to a claim or claims, as is the case in other removal statutes.

In *Nolan*, *supra*, the Fifth Circuit examined original subject matter jurisdiction and the right of removal under the Foreign Sovereign Immunities Act ("FSIA"). The *Nolan* court held that because the FSIA established original subject matter jurisdiction over the "action" (like §203), and not just over "claims", the statute conferred federal subject matter jurisdiction over the entire case:

> . . . the FSIA grants jurisdiction to federal courts over 'action(s)' and not just over 'claims.' This language is broad enough to

> extend federal court subject matter jurisdiction over the entire action in which the foreign state is a party, rather than simply over the 'claims' in that action which are specifically asserted against the foreign state.

*Nolan*, *supra*, 919 F.2d at 1064.

Similarly, §203 of the Convention Act extends original subject matter jurisdiction over the entire "action or proceeding," and not just the claims against the foreign insurer signatories to the Convention. Therefore, removal under §205 applies to the entire action, including the Plaintiff's claims against both the domestic and foreign insurers.

In a case involving the removal of claims against insurers under the Convention Act, the Western District of Louisiana held that under 9 U.S.C. §203, the Court retained original jurisdiction over the "entire action" once removed, and "lack(ed) discretion to refuse such original jurisdiction, once properly invoked." *Ieyoub ex rel. State v. Am Tobacco Co.*, 97-1174 (W.D. La. 1997); 1997 U.S. Dist. LEXIS 24219, 53-54.

**XI.**

**PLAINTIFF HAS ALLEGED ALL THE INSURERS ENGAGED IN INTERDEPENDENT AND CONCERTED MISCONDUCT.**

Plaintiff has clearly alleged that all insurers under The Policy have engaged in interdependent and concerted misconduct by denying Plaintiff's claims under The Policy. The Petition for Damages' allegations are made against all insurers, identified as the "Insurers". Plaintiff alleges that it submitted its claims to all insurers, and all insurers denied Plaintiff's claims. The same policy documents are applicable to all insurers. Under these circumstances, both the Removing Defendants and the domestic insurers are entitled to invoke the arbitration

clause found in The Policy, and Plaintiff is equitably estopped from opposing arbitration with all involved insurers.

**XII.**

**CONSENT TO REMOVAL**

Attached as Exhibit "D" are consents to the instant removal submitted by other defendant insurers and CJW. Even though the remaining defendants, except AmRisc, provide consent to the removal, consent of other defendants is not required under Convention removal. *See Acosta v. Master Maintenance & Const., Inc., supra*, 452 F.3d at 380. AmRisc has not been served in this matter, and its consent is not required. Plaintiff filed suit on January 18, 2019. Louisiana Code of Civil Procedure Article 1201 requires that service of citation be requested within 90 days of filing of suit. Plaintiff requested service on all defendants, except AmRisc, on April 3, 2019. More than 90 days have passed since the State Court Action was filed, and there has been no request of service, and no actual service, on AmRisc.

Although consent has been provided by CJW, the consent of this party is not required, as CJW has been improperly joined in this matter. CJW is a claims administrator (*See* Exhibit A, para. 7) and, as a matter of law, Plaintiff has no cause of action against CJW. *M & M Towing Co. v. United Capitol Ins. Co.*, 1998 WL 169694 (E.D. La. Apr. 9, 1998). CJW's consent to removal is given with full reservation of all defenses and the right to seek its immediate dismissal from this suit.

**XIII.**

**NOTICE TO ALL PARTIES AND STATE COURT**

Removing Defendants will promptly give notice to all parties in writing, and shall file a Notice of this removal with the Clerk of the State Court Action.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

***/s/ D. Russell Holwadel***
**BRUCE R. HOEFER, JR. (#6889)**
**Email: brh@ahhelaw.com**
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email: drh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email: pjr@ahhelaw.com**
**HEATHER E. REZNIK (#29175)**
**Email: her@ahhelaw.com**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 581-2606
Facsimile: (504) 525-1488
***Attorneys for Removing Defendants, Certain Underwriters at Lloyd's, London Subscribing to Certificate AMR-36866-03, and International Insurance Company of Hannover SE***

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of August, 2019, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ D. Russell Holwadel*

D. RUSSELL HOLWADEL