```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| ST. THERESA SPECIALTY HOSPITAL, LLC | CIVIL ACTION |
| v. | NO. 19-12126 |
| INDIAN HARBOR INSURANCE, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Civil Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to motions be filed eight days before the noticed submission date. No memorandum in opposition to CJW's Rule 12(b)(6) motion to dismiss, noticed for submission on October 23, 2019, has been filed.

Accordingly, because the motion is unopposed,[1] and further, it appearing to the Court that the motion has merit,[2] IT IS ORDERED:

---

[1] Rather than respond to CJW's motion, St. Theresa Specialty Hospital filed its own: a motion to dismiss CJW and AmRisc, *without* prejudice. The motion is not a Rule 41(a)(1)(A) motion for voluntary dismissal of the "action"; it contains no citations to authority and seeks dismissal of only two of twelve defendants. Accordingly, because CJW is entitled to a *with*-prejudice dismissal under Rule 12(b)(6), the Court resolves the earlier-filed motion and denies the later-filed motion, insofar as it seeks a without-prejudice dismissal of CJW, as moot.

[2] This is an insurance dispute. St. Theresa Specialty Hospital submitted property damage claims under policies of commercial property insurance. Its insurers did not pay the full amount it claimed. So, it sued the insurers and the insurer-designated claims adjuster, CJW. It says CJW "wrongfully denied" its claims, but it does not explain how CJW might be liable. And it appears to advance only two theories of liability: breach of contract and violations of the Louisiana Insurance Code.

that CJW's Rule 12(b)(6) motion to dismiss is GRANTED as unopposed, St. Theresa Specialty Hospital's claims against CJW are DISMISSED with prejudice, and St. Theresa Specialty Hospital's motion to dismiss CJW and AmRisc without prejudice is GRANTED, in part, as to AmRisc, and DENIED, in part, as to CJW.

New Orleans, Louisiana, October 22, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

CJW moves to dismiss for failure to state a claim. It first contends that St. Theresa Specialty Hospital cannot state a breach-of-contract claim against it because it is not a party to the insurance contact. The Court agrees. St. Theresa Specialty Hospital has not alleged that CJW contracted to insure its property or pleaded any other facts from which the Court can infer a contractual relationship. So, St. Theresa Specialty Hospital's breach-of-contract claim fails for lack of contractual privity. See La. Ins. Guar. Ass'n v. Rapides Parish Police Jury, 182 F.3d 326, 331 (5th Cir. 1999) (citing Rivnor Props. v. Herbert O'Donnell, Inc., 633 So. 2d 735, 743 (La. Ct. App. 1984)).

CJW next contends that St. Theresa Specialty Hospital cannot state a claim against it under the Louisiana Insurance Code. The Court again agrees. The relevant statutes, LA. REV. STAT. §§ 22:1892 and 22:1973, impose duties on insurers—not adjusters. See, e.g., Sullivan v. Travelers Indem. Co., No. 16-15461, 2016 WL 6995139, at *2 (E.D. La. Nov. 30, 2016). St. Theresa Specialty Hospital identifies CJW in its complaint as a "third party claims administrator." And the insurance policy, which is referenced in St. Theresa Specialty Hospital's complaint and central to its claims, confirms that CJW is an adjuster. Accordingly, St. Theresa Specialty Hospital cannot allege plausible claims against CJW for violations of the Louisiana Insurance Code.

2