UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ST. THERESA SPECIALTY HOSPITAL, LLC           CIVIL ACTION

v.                                            NO. 19-12126

INDIAN HARBOR INSURANCE, ET AL.               SECTION "F"

ORDER AND REASONS

Local Civil Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to motions be filed eight days before the noticed submission date. No memorandum in opposition to the defendants' motion to compel arbitration, appoint an arbitrator, stay proceedings, and require production of documents, noticed for submission on October 23, 2019, has been filed.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] This is an insurance dispute. St. Theresa Specialty Hospital submitted property damage claims under a policy of commercial property insurance. After its insurers refused to pay the full amount it claimed, it sued for statutory penalties and breach of contract. Invoking the arbitration clause in the insurance contract, the insurers move to (1) compel arbitration, (2) appoint an arbitrator, (3) stay proceedings, and (4) compel St. Theresa Specialty Hospital to produce documents in aid of arbitration.

In actions "falling under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, the Court "may direct that arbitration be held in accordance with the agreement." 9 U.S.C. § 206. The Court "may also appoint arbitrators in accordance with the provisions of the agreement." Id.

1

that (1) the defendants' motion to compel arbitration, appoint an arbitrator, stay proceedings, and require production of documents is GRANTED as unopposed; (2) the plaintiff is COMPELLED to arbitrate its claims in accordance with 9 U.S.C. § 206 and § VII(C)

---

First, this action "falls under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. It involves a claim for property damage under an insurance policy containing an arbitration agreement covered by the Convention. Acosta v. Master Maint. and Constr., Inc., 452 F.3d 373, 378-79 (5th Cir. 2006). It therefore "has some connection, relation, or reference to" a covered arbitration agreement. Id.

Second, this action involves claims within a covered arbitration agreement. The insurance contract contains a clause requiring arbitration of "[a]ll matters in difference between the Insured and the Companies in relation to this insurance." This action of course involves "matters in difference" between St. Theresa Specialty Hospital and "the Companies in relation to" the insurance contract: It is an action against "the Companies" for breaching obligations to St. Theresa Specialty Hospital under the insurance contract. Accordingly, because this action falls within an arbitration agreement covered by the Convention, the Court "direct[s] that arbitration be held in accordance with the agreement." 9 U.S.C. § 206.

Finally, the insurance contract grants the defendants the right to appoint an arbitrator, and federal law empowers the Court to honor that contractual right. See 9 U.S.C. § 206. Under the arbitration agreement in the insurance contract, the party requesting arbitration may select an arbitrator on behalf of the responding party if the responding party fails to appoint its own arbitrator after a thirty-day notice period. Here, the defendants have the right to select an arbitrator on behalf of St. Theresa Specialty Hospital because St. Theresa Specialty Hospital failed to appoint its own arbitrator within thirty days after the defendants sent written notice of the arbitrator they had selected. So, the Court appoints the defendants' selection, Stephen M. Rogers of Bloomfield, Connecticut, as the sole arbitrator.

of the insurance contract; (3) the plaintiff is COMPELLED to produce, in aid of arbitration and within 30 days, all documentation of the facts of the alleged loss and the scope of the alleged property damage; (4) Stephen M. Rogers of Bloomfield, Connecticut is APPOINTED the sole arbitrator, in accordance with 9 U.S.C. § 206 and § VII(C) of the insurance contract; and (5) this action is STAYED in accordance with 9 U.S.C. § 3.

        New Orleans, Louisiana, October 22, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE